**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: January 12 2018**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 17-30029 |
| | ) | |
| Kenneth Meggitt, | ) | Chapter 12 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER GRANTING MOTION FOR RECONSIDERATION OF DISALLOWED CLAIM

This case came before the court for hearing on a motion filed by creditor Rupp Seeds, Inc. ("Creditor") for reconsideration of the court's order disallowing Claim Number 4-1 filed by it ("Motion for Reconsideration") [Doc. # 131], Debtor's response [Doc. # 134], and Creditor's reply [Doc. # 135]. Debtor and his attorney and representatives of Creditor and its attorney all appeared at the hearing in person. Having considered the arguments of counsel, for the reasons that follow, the court will reconsider its disallowance of Creditor's Claim 4-1.

Debtor filed his petition for relief under Chapter 12 of the Bankruptcy Code on January 6, 2017. Debtor scheduled Creditor as an unsecured creditor with an undisputed claim in the amount of $27,079.72. [Doc. # 15, p. 39/63]. The first date set for the meeting of creditors was March 1, 2017. Proofs of claim were thus due by May 30, 2017. *See* Fed. R. Bankr. P. 3002(c). On January 31, 2017, Creditor filed a timely proof of claim, asserting an unsecured, nonpriority claim in the amount of $27,471.32. [Claim No. 4-1].

On August 29, 2017, the court entered an order confirming Debtor's Chapter 12 plan. [Doc. # 98]. Debtor's plan provides for a 100 percent dividend to unsecured creditors, stating that general unsecured claims filed as of June 28, 2017, totaled $39,824.10, which amount included Creditor's claim, and that Debtor estimated that allowed general unsecured claims will total between $40,000.00 and $45,000.00. Debtor's plan provides that payments of those claims would be made on an equal annual basis, commencing on November 1, 2017. [Doc. # 78, p. 19/29].

After plan confirmation, Debtor filed an objection to Creditor's proof of claim number 4-1 on September 6, 2017, arguing that it includes charges for products Debtor never received and improper financing charges.[1] Also on September 6, 2017, the court entered a Notice of Objection to Claim, scheduling a hearing on the objection for October 19, 2017, and stating that a response to the objection was due by October 11, 2017. [Doc. ## 104, 105]. The notice further states that if a response is not filed, that "the Court may decide that you do not oppose the relief sought in the objection. The hearing will not be held absent a written response being timely filed with the Court." [*Id.*].

Creditor's proof of claim provides that notices should be sent to its attorney, Jan H. Stamm at P.O. Box 531, Wauseon, Ohio 43567. Both Debtor's objection and the court's notice were properly served on Creditor's attorney at the address set forth in its proof of claim, as well as on Creditor. [Doc. ## 103 & 105]. However, no response was filed and, on October 19, 2017, the court entered an order disallowing Creditor's claim as a result of its failure to respond to Debtor's objection. [Doc. # 123]. Creditor filed its Motion for Reconsideration on November 7, 2017. In the meantime, on November 1, 2017, Debtor made his first payment to the Chapter 12 Trustee for distribution in accordance with the confirmed plan.

Creditor does not contend that it did not receive proper notice. Rather, at the hearing on the Motion for Reconsideration, counsel informed the court that an office staff person mistakenly failed to enter the response deadline and hearing date on his calendar. While counsel conceded that certain interest charges were incorrectly included in the proof of claim, he also proffered that two employees of Creditor who were present at the hearing would testify regarding Debtor's receipt of the product set forth in documents attached to Creditor's proof of claim.

---

[1] Debtor also objected to Creditor's claim based on the fact that it used outdated form B10, an earlier version of the official proof of claim form, rather than Official Form 410. The court did not disallow Creditor's claim on that basis and does not find that to be a basis for doing so, particularly in light of the fact that its proof of claim was filed before the stricter amended version of Bankruptcy Rule 9009 became effective on December 1, 2017.

## LAW AND ANALYSIS

On motion of a party in interest and after hearing on notice, "a claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j); Fed. R. Bankr. P. 3008. A "reconsidered claim" may then be "allowed or disallowed according to the equities of the case." *Id.*; *Colley v. Nat'l Bank of Texas (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir. 1987) ("If reconsideration is granted, the court may readjust the claim in any fashion 'according to the equities of the case.'"). Thus, "[r]econsideration under 502(j) is a two-step process. First, a court must decide whether there is 'cause' for reconsideration. Then, the court must decide whether the 'equities of the case' dictate allowance or disallowance of the claim." *Dorula v. Flanders (In re Starlight Group, LLC)*, 515 B.R. 290, 293 (Bankr. E.D. Va. 2014). The burden of showing that cause for reconsideration exists is on the movant. *Id.*

The court exercises broad discretion in its determination to reconsider a disallowed claim under § 502(j). *In re Sterling Rubber Products Co.*, 316 B.R. 485, 489 (Bankr. S.D. Ohio 2004); *aff'd* Case No. 04-8090, 2006 WL348143 (B.A.P. 6th Cir. Feb. 15, 2006). Neither § 502(j) nor Rule 3008 define "cause" for reconsideration, and the parties disagree on what standard the court should apply. While Creditor argues that the court has broad discretion in determining reconsideration based simply on the equities of the case, Debtor contends that standards under Rule 60(b) of the Federal Rules of Civil Procedure apply. For the reasons discussed below, and because the order disallowing Creditor's claim arose from a procedural default, the court agrees that the Rule 60(b) standards apply to deciding whether there is cause for reconsideration of the final, non-appealable order of disallowance of Creditor's claim in this case. Also, using the "equities of the case" to determine whether cause for reconsideration of disallowance exists in the first instance conflates the first two sentences of § 502(j).

Indeed courts addressing the issue have generally applied the standards for relief from judgment set forth in Rule 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 60 of the Federal Rules of Civil Procedure. *See, e.g., Blixseth v. Glasser (In re Yellowstone Mountain Club)*, 593 Fed. App'x 643 (9th Cir. 2015); *Snyder v. Internal Revenue Serv. (In re Snyder)*, 68 F.3d 468 (Table), 1995 WL 581655, *4 (5th Cir. Aug. 31, 1995); *State of Ohio v. H.R.P. Auto Ctr., Inc.*, 130 B.R. 247, 255 (Bankr. N.D. Ohio 1991); *McMillan v. LTV Steel Co., Inc.*; No. 1:06CV00850, 2007 WL 2838975, *12 (N.D. Ohio Sept. 26, 2007); *Butler v. Ormet Corp.*, No. 2:08-cv-973, 2009 WL 103351, *2 (S.D. Ohio Jan. 13, 2009); *In re Freightway Corp.*, 170 B.R. 108, 110 (Bankr. N.D. Ohio 1994); *see also Leedy v. Agribank, FCB (In re Leedy)*, 41 F.3d 1507 (Table), 1994 WL 673647, *1 (6th Cir. 1994) (finding reconsideration of creditor's

claim based on creditor's alleged fraud is subject to the one-year time limitation of Rule 60); *Pleasant v. TLC Liquidation Trust (In re Tender Loving Care Health Servs., Inc.)*, 562 F.3d 158, 163 (2d Cir. 2009) (stating that "there is no reason that a motion to reconsider pursuant to § 502(j) should not be governed by the time limit set in Rule 9024"). The general applicability of Rule 60 is also supported by the provision of Rule 9024 that Rule 60 "applies in cases under the Code except that (1) a motion . . . for reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c). . . ." By implication then, Rule 60 applies to § 502(j) motions for reconsideration with one exception relating to the time limit of Rule 60(c) as stated in Rule 9024.

    Rule 60(b) provides as follows:

On motion and just terms, the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence. . .
    (3) fraud. . ., misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged,. . .; or
    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Creditor's arguments do not fall within the confines of subsections two through five. And the catch-all provision of subsection six applies "only in exceptional and extraordinary circumstances which are not addressed by the first five numbered clauses of Rule 60(b)." *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). Creditor has not asserted any exceptional or extraordinary circumstances. Because the court construes Creditor's arguments as arguments relating to its failure in responding to Debtor's objection to Creditor's proof of claim, the court will consider such arguments under the "excusable neglect" provision of Rule 60(b)(1).

    The court entered its order disallowing Creditor's claim as a result of Creditor's failure to respond to Debtor's objection, which stated grounds for disallowance under state law, *see* 11 U.S.C. § 502(b)(1). In deciding whether to set aside a default judgment under Rule 60(b), courts are directed to consider three equitable factors: (1) whether culpable conduct of the party seeking relief led to the default; (2) whether the party seeking relief has a meritorious defense; and (3) whether the party opposing relief will be prejudiced if the order is vacated. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (citing *United Coin Meter Co. v. Seaboard Coastline R.R*, 705 F.2d 839, 845 (6th Cir. 1983)). "Where relief is sought under Rule 60(b)(1), the culpability element of the *United Coin Meter* factors "is framed in terms of 'mistake,

inadvertence, surprise, or excusable neglect.'" *Id.* at 832. The party seeking relief must show that the default was due to one or more of these factors before it is permitted to demonstrate satisfaction of the remaining two *United Coin Meter* factors. *Id.*

**A. Excusable Neglect**

The United States Supreme Court has stated that "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). Determining whether a party's neglect is excusable is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395; *see Burrell*, 434 F.3d at 832 (stating that "courts apply Rule 60(b)(1) 'equitably and liberally . . . to achieve substantial justice"). "In cases that have not been heard on the merits, the determination of whether neglect is excusable takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell*, 434 F.3d at 832; *see Pioneer Servs. Co.*, 507 U.S. at 395, n. 14 (disagreeing with the dissent's position that the full range of equitable considerations should be considered only if the court has first made a threshold determination that the movant is sufficiently blameless in the delay).

In this case, the reason for Creditor's failure to respond to Debtor's objection to its proof of claim is that on receipt of the notice setting forth the response deadline and hearing date, a staff person in the office of Creditor's attorney mistakenly failed to enter the information on counsel's calendar. While clients are held accountable for the acts and omissions of their attorneys, *Pioneer Inv. Servs. Co.,* 507 U.S. at 396, it is unusual for Creditor's attorney to ignore filing deadlines in this court, leading the court to believe that he has in place office procedures intended to prevent such occurrences, notwithstanding the failure of those procedures in this instance. There is also no suggestion that counsel has acted in bad faith or with disrespect for the court. Rather, counsel filed the motion for reconsideration within a reasonable time after entry of the order disallowing Creditor's claim, demonstrating a good faith attempt to correct his error in failing to respond to Debtor's objection.

The court finds that creditor's delay in opposing Debtor's objection to its proof of claim has had minimal impact on this case. Debtor's Chapter 12 plan provides for 100 percent payment of allowed general unsecured claims and estimates a total of such claims in an amount that includes Creditor's claim, which Debtor's schedules list as undisputed in a substantially similar amount as what was set forth in Creditor's proof of claim. Debtor's proposed plan was then confirmed well before his objection was filed. Thus,

neither Debtor nor any other party in interest relied on the disallowance of Creditor's claim in the confirmation proceeding, and there was no delay in judicial proceedings.

Although Debtor made the first annual payment to the Chapter 12 Trustee for distribution in accordance with the plan on November 1, 2017, neither Creditor's delay nor potential reconsideration of its claim affects the validity of any payment made to other creditors. *See* 11 U.S.C. § 502(j) (providing that "[r]econsideration of a claim under this subsection does not affect the validity of any payment or transfer from the estate made to a holder of an allowed claim on account of such allowed claim that is not reconsidered"). And Debtor's plan being a 100 percent plan that, at least at confirmation, contemplated payment of Creditor's claim, neither Creditor's delay nor reconsideration of its claim affects the amount that any other creditor will receive under the plan. While counsel is responsible for his office staff's error and was remiss in failing to timely file a response to Debtor's objection to Creditor's proof of claim, on balance and for all of the foregoing reasons, the court finds that counsel's neglect is excusable.

### B. Meritorious Defense

In determining whether a defense is meritorious, the test is not "likelihood of success." *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003) (citing *United Coin Meter Co.*, 705 F.2d at 845). Rather, a defense is meritorious, "if the defense relied upon states a defense good at law." *United Coin Meter Co.*, 705 F.2d at 845.

Debtor objected to Creditor's proof of claim based on its argument that it includes improper financing charges and that the attached documents include unspecified charges for product that Debtor never received. While Creditor concedes that certain interest charges were incorrectly included, at the hearing, Creditor proffered the testimony of two witnesses of Creditor who were present and would testify regarding Debtor's receipt of the product set forth in the documents attached to its proof of claim. This is a meritorious defense to Debtor's objection to the extent it was based on not receiving of all of the product upon which Creditor's claim is based.

### C. Prejudice to Party Opposing Relief

The court finds that Debtor will not be prejudiced if the court's order disallowing Creditor's claim is reconsidered. The relevant inquiry concerns the future prejudice that will result from reconsidering disallowance of Creditor's claim. *See Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011).

In this case, Debtor did not rely on disallowance of the claim in proposing his Chapter 12 plan. As

discussed above, Debtor's plan was confirmed before Debtor's objection was even filed and provides that unsecured creditors receive payment of their allowed claims in full.  Debtor's plan anticipated allowed general unsecured claims in an amount that included Creditor's claim. Debtor nevertheless argues that he already made the first annual plan payment to the Trustee on November 1, 2017, and developed a budget in reliance on Creditor's claim having been disallowed.  However, Creditor's motion for reconsideration was filed just six days later.  The fact that Debtor may have to pay the reconsidered claim if it is allowed in some amount is not a basis for establishing prejudice.  There is no evidence that Debtor will otherwise be prejudiced in any way if the court grants Creditor's motion for reconsideration.

Based on application of the *United Coin Meter* factors, the court finds that cause exists under § 502(j) for reconsideration of disallowance of Creditor's Claim 4-1.

**THEREFORE,** for all of the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Creditor's Motion for Reconsideration [Doc. # 131] be, and hereby is, **GRANTED** in part to the extent provided in this order; and

**IT IS FURTHER ORDERED** that Creditor shall file a response to Debtor's Objection to Proof of Claim No. 4-1 on or before **January 26, 2018**; and

**IT IS FINALLY ORDERED** that the court will hold a status hearing on reconsideration of disallowance of Creditor's Claim No. 4-1 on **February 1, 2018, at 11:00 a.m.,** provided, however, absent a response to Debtor's Objection being timely filed by Creditor, the court's order disallowing Claim 4-1 will remain in effect, the status hearing will not go forward and amended Claim 4-2[2] will be stricken from the record.  Counsel may appear by telephone with 24 hours advance notice to the court.

###

---

[2] In addition to the Motion for Reconsideration, Creditor filed an amended Claim 4-2 on November 7, 2017, after disallowance of its original Claim 4-1 on October 19, 2017.  It is based on the same invoices and transactions as Claim 4-1. A claim disallowed by a final order cannot be revived by an amended claim filed after the claims bar date has expired *See In re Freightway Corporation*, 171 B.R. 41 (Bankr. N.D. Ohio 1994)(final order of disallowance of claim is an adjudication on the merits of the claim).