**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 30 2018

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 17-30029 |
| | ) | |
| Kenneth Meggitt, | ) | Chapter 12 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING OBJECTION TO CLAIM

This case is before the court on Debtor's objection ("Objection") [Doc. # 110] to a proof of claim filed by creditor Sandusky County Treasurer ("Claimant") and Claimant's response [Doc. # 122]. The court held an evidentiary hearing that Debtor, Claimant's representative, and the parties' counsel attended in person.

Claimant timely filed Proof of Claim No. 10-1 for property taxes owed on twelve parcels of real estate in Sandusky County, Ohio, in the total amount of $95,276.27. Debtor objects to the inclusion in this amount of $26,489.90 in current agricultural use valuation recoupment fees ("CAUV Recoupment Fees") relating to four of the parcels and as well as to the failure of the proof of claim to reflect post-petition payments that Debtor made in the total amount of $13,328.34. Claimant agrees that its claim should be adjusted to $81,947.63 to reflect the post-petition payments as asserted by Debtor. Only the CAUV Recoupment Fees are now at issue. Following the hearing and at the court's request, the parties filed supplemental memoranda addressing the preclusive effect, if any, of Debtor's failure to contest the CAUV

Recoupment Fees.

The district court has jurisdiction over this Chapter 12 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings involving allowance or disallowance of claims are core proceedings that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(B).

For the reasons that follow, the court finds that 11 U.S.C. § 505(a)(2)(C) prevents Debtor's challenge in this bankruptcy case to inclusion of the CAUV Recoupment Fees in the total amount of Claimant's claim. Debtor's Objection will therefore be sustained in part and overruled in part, and Creditor's claim will be allowed in the amount of $81,947.63.

## **BACKGROUND**

A 1973 amendment to the Ohio Constitution authorized the legislature to enact laws departing from uniformity in valuing real property by permitting farms to be valued in accordance with their current agricultural use rather than their market value. Ohio Const. Art. II, § 36; *see Fife v. Greene Cty. Bd. of Revision*, 120 Ohio St.3d 442, 2008-Ohio-6786, 900 N.E.2d 177, ¶ 3 (2000). "Under the authorizing amendment and the implementing statutes, 'the auditor disregards the highest and best use of the property and values the property according to its current agricultural use,' a procedure that 'usually results in a lower valuation and a lower real property tax.' " *Id.*, ¶ 4 (quoting *Renner v. Tuscarawas Cty. Bd. of Revision* (1991), 59 Ohio St.3d 142, 143, 572 N.E.2d 56 (1991)).

Under the implementing legislation, set forth at Ohio Revised Code § 5713.30 *et seq.*,[1] an owner of land devoted exclusively to agricultural use may file an application with the auditor of the county in which the land is located, requesting the auditor to value the land for real property tax purposes at the current value the land has for agricultural purposes. Ohio Rev. Code Ann. § 5713.31. The initial application requires the owner to provide certain information regarding the acreage used in the previous three years for each crop or type of land use. [*See, e.g.,* Ex. 5]. Thereafter, in order to establish the owner's continued eligibility to have the land valued for agricultural purposes, a simplified renewal application must be filed each year prior to the first Monday in March of that year. Ohio Rev. Code Ann § 5713.31. The Ohio statute requires the county auditor to determine "on or before the second Tuesday after the first

---

[1] All references to the Ohio Revised Code are to Baldwin's Ohio Revised Code Annotated, current through File 51 of the 132nd Ohio General Assembly (2017-2018) and 2017 State Issue 1.

Monday in March" whether the owner of any parcel of land on the preceding tax year's agricultural land tax list failed to file a renewal application. *Id.* It further provides that "[t]he auditor shall forthwith notify, by certified mail," each such owner that unless the application is filed before the first Monday of April of the current year, "the land will be valued for real property tax purposes in the current tax year at its true value in money and that the recoupment required by sections 5713.34 and 5713.35 of the Revised Code will be placed on the current year's tax list and duplicate for collection." *Id.*

When there has been a conversion of land previously devoted exclusively to agricultural use, CAUV Recoupment Fees are levied on such land "in an amount equal to the amount of the tax savings on the converted land during the three years immediately preceding the year in which the conversion occurs." Ohio Rev. Code Ann. §§ 5713.34(A)(1) and 5713.35. The recoupment fees constitute a lien upon the converted land as of January 1 of the tax year in which the fees are levied. *Id.* A conversion of land for purposes of §§ 5713.34 and 5713.35 occurs by operation of law when the owner of the land fails to file a renewal application under § 5713.31 "without good cause as determined by the board of revision." Ohio Rev. Code Ann. § 5713.30(B)(1).

Although Debtor had timely and successfully filed CAUV renewal applications for parcel numbers 04-04-00-0005-00, 04-17-00-0004-00, 04-17-00-0010-00, and 04-23-00-0001-00 in 2012, 2013 and 2014, [*see* Cr. Ex. 2], there is no dispute that he did not file the renewal application required by § 5713.31 by the first Monday in March of 2015 with respect to those parcels of land. There is also no dispute that the Sandusky County Auditor did not send the notice specified by that section, informing Debtor that he must file the application by April 6, 2015, which was the first Monday of April of that year, or those parcels would be valued at their true value and recoupment fees would be levied. According to Julie Karn, the Real Estate Coordinator for the Sandusky County Auditor, the Auditor chooses not to incur the added expense of sending that notice since late-filed renewals are routinely accepted in Sandusky County until October 1.

On July 31, 2015, the Auditor sent Debtor a Notification that the four parcels of land set forth above were disqualified from the CAUV program due to his failure to file a renewal application. [Cr. Ex. 4]. The Notification states that there would be a recoupment fee assessed and that the land would be taxed at fair market value. [*Id.*]. It further states that "[i]f you feel the removal from the CAUV program was in error, please contact the Auditor's Office immediately." [*Id.*]. Although Karn testified that the Notification informed Debtor that "this is your last chance or you'll be removed" from the CAUV program, it provides no such notification and includes no statement as to any extended period until October 1, 2015, to file the

3

renewal application. The Notification was properly addressed to Debtor and sent by certified mail; however, it was returned to the Auditor's office as unclaimed. [*Id.* at 2]. On January 7, 2016, tax bills for the first half of 2015 were mailed. [Cr. Ex. 1]. Debtor's tax bill included the CAUV Recoupment Fees.

Debtor testified that he twice attempted to file a renewal application between July and December 2015, once by mail and once in person, and that the applications were rejected as not filled out correctly. *See* Ohio Rev. Code Ann. § 5713.31 (fifth un-numbered paragraph). However, the court instead credits Karn's testimony that the Auditor's office never received an application from Debtor by mail in 2015 and that Debtor did not come into the office inquiring about the renewal application until July of 2016, at which time it was explained to him that the parcels were removed from the CAUV program and he was given an initial application to complete. It was not until August 2017 that Debtor actually filed a new initial application for the four parcels at issue, after which they were put back into the CAUV program. [*See* Cr. Ex. 5].

Debtor filed a Chapter 12 bankruptcy petition on January 6, 2017. Claimant filed a timely proof of claim in the amount of $95,276.27, which amount includes CAUV Recoupment Fees in the amount of $26,489.90, as well as $13,328.34 that has been paid post-petition.

## LAW AND ANALYSIS

A properly executed and filed proof of claim constitutes "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). When an objection to a claim is filed, the objecting party bears the initial burden of producing sufficient evidence to rebut the presumption of validity given to the claim. *In re Nelson,* 206 B.R. 869, 878 (Bankr. N.D. Ohio 1997). The burden then shifts to the claimant to prove the validity and amount of the claim by a preponderance of the evidence. *Id.* While the burden of going forward shifts during the claims objection process, the ultimate burden of persuasion is always on the claimant to prove the claimed entitlement. *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991).

As framed by Debtor, the gravamen of his objection to Claimant's proof of claim is that the Sandusky County Auditor was not authorized to remove the four parcels of land at issue from the CAUV program since it did not follow the procedures provided for by statute, [Doc. # 155, p. 2], namely, notification that a renewal application must be filed by April 6, 2015, or the parcels would be removed from the program and recoupment fees would be charged. Debtor thus argues that Claimant is "illegally attempting to collect the CAUV recoupment" since it did not comply with Ohio law. [*Id.* at 5]. However, as discussed below, Debtor's argument must fail.

The federal Tax Injunction Act provides that "district courts shall not enjoin, suspend or restrain the

assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The purpose of the Act is to "limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes" and prevent federal lawsuits from being used as a tactic to obstruct or delay a state's tax administration. *Unfortunate Son, Ltd. v. Wilkins*, 406 F. Supp. 2d 839, 843 (N.D. Ohio 2005) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)).

The broad injunction of the Tax Injunction Act is modified by § 505(a)(1) of the Bankruptcy Code, which provides that, except for the circumstances set forth in § 505(a)(2), the bankruptcy court may determine "the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, . . . whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." 11 U.S.C. § 505(a)(1). Under § 505(a)(2), however, this court may not determine "the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under applicable nonbankruptcy law has expired." 11 U.S.C. § 505(a)(2)(C). This limitation was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 701(b) (2005), with a stylistic change made by the Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327, § 2(a)(14)(2010).

The term "ad valorem" as used in § 505(a)(2)(C) is Latin for "according to value." Real estate property taxes under Ohio law are ad valorem taxes because they are assessed according to the value of real property. Under Ohio Revised Code § 5713.34 the CAUV Recoupment Fees charged upon conversion of a parcel from the agricultural land tax list are based on the tax savings from valuing the land as agricultural instead of at its true market value, which is information maintained by the auditor on the agricultural land tax list as required under Ohio Revised Code § 5713.33. In turn, under § 5713.35 the CAUV Recoupment Fees are placed as a separate item on the tax list and collected by the county treasurer in the same manner as real property taxes for the current year on the tax list. They also become a statutory lien on the converted land, Ohio Rev. Code Ann. § 5713.34, and when collected are distributed among the various taxing districts in the same proportional percentage as real property taxes, Ohio Rev. Code Ann. § 5713.35. These statutory attributes make the CAUV Recoupment Fees amounts "arising *in connection with* an ad valorem tax on real... property of the estate." 11 U.S.C. § 505(a)(2)(C)(emphasis added); *see also* Ohio Rev. Code Ann. § 5715.441. And Debtor's objection contests the legality of those amounts as imposed by the Sandusky County Auditor under Ohio law due to the failure of statutory notice. Thus, § 505(a)(2)(C)

prevents this court from determining the legality of the CAUV Recoupment Fees levied against Debtor if the time to contest them has expired under Ohio law.

Two Ohio statutes set forth procedures relevant to contesting CAUV Recoupment Fees where a conversion of land has occurred with respect to a parcel on the agricultural land tax list because of a failure to file a renewal application. Under such circumstances,

> if the auditor, upon application of the owner and payment by the owner of a twenty-five dollar fee, finds that the land would be land devoted exclusively to agricultural use for the current year if the board of revision finds the failure arose for good cause, the owner may file a complaint against that determination with the board [of revision] as provided in section 5715.19 of the Revised Code on the grounds that the tract, lot, or parcel is land devoted exclusively to agricultural use because there was good cause for the owner's failure to file an initial or renewal application. If the board finds that there was such good cause, the application under this section shall be considered an application that was properly filed under section 5713.31 of the Revised Code.

Ohio Rev. Code Ann. § 5713.351.

Ohio Revised Code § 5715.19 provides that, with certain exceptions not applicable in this case,

> [A] complaint against any of the following determinations for the current tax year shall be filed with the county auditor on or before the thirty-first day of March of the ensuing tax year . . .
>
> (b) Any determination made under section 5713.32 or 5713.35 of the Revised Code;
>
> (c) Any recoupment charge levied under section 5713.35 of the Revised Code;
>
> (d) The determination of the total valuation or assessment of any parcel that appears on the tax list, except parcels assessed by the tax commissioner pursuant to section 5727.06 of the Revised Code;
>
> (e) The determination of the total valuation of any parcel that appears on the agricultural land tax list, except parcels assessed by the tax commissioner pursuant to section 5727.06 of the Revised Code. . . .

Ohio Rev. Code Ann. § 5715.19(A)(1). The county auditor must then "present to the county board of revision all complaints filed with the auditor." *Id.*

The Sandusky County real property tax bills for the first half of 2015 were mailed on January 7, 2016. There is nothing in the record to suggest that Debtor did not receive the tax bills that included the CAUV Recoupment Fees for the four parcels of land at issue. *Cf. Nat'l City Mortg. Co. v. Richards*, 182 Ohio App. 3d 534, 545 (2009) (recognizing that based on the mailbox rule, a rebuttable presumption of

delivery would exist where a notice of default is mailed by ordinary, first class mail); *Future Commc'ns, Inc. v. Hightower*, No. 97APE01-27, 1997 WL 536350, *2 (Ohio App. Aug. 26, 1997) (citing *Cantrell v. Celotex Corp.*, 105 Ohio App. 3d 90, 94 (1995) and stating that "under the so-called 'mailbox rule,' a rebuttable presumption exists that a letter mailed is presumed to be received in due course"). Debtor did not avail himself of the procedures provided in §§ 5713.351 and 5715.19 to contest the placement of the CAUV Recoupment Fees on the 2015 tax list, which required the filing of a complaint with the auditor on or before March 31, 2016.

Debtor seeks to excuse lack of a complaint filed within the time constraints of § 5715.19 by characterizing his argument as contesting the legality of the recoupment fees rather than the valuation of his properties for purposes of CAUV. He cites Ohio Revised Code § 5715.11, which provides that "[t]he county board of revision shall hear complaints relating to the valuation or assessment of real property," and argues that this section limits the duties of the county board of revision to hearing appeals limited to issues of valuation. According to Debtor, his failure to contest the Sandusky County Auditor's removal of his properties from a current agricultural use valuation does not preclude his instant objection in this court regarding the CAUV Recoupment Fees since the issue is not the type of issue that would have been the subject of a complaint to the board of revision. *But see Hardy v. Delaware Cty. Bd. of Revision*, 186 Ohio St.3d 359, 362-64, 2005-Ohio-5319, 835 N.E.2d 348 (2005). While the court does not disagree with Debtor's characterization of the issue as the legality of the auditor's imposition of the CAUV Recoupment Fees, it nevertheless finds Debtor's argument to be unpersuasive.

Ohio Revised Code § 5713.35 requires the auditor to examine the agricultural land tax list and determine if there has been a conversion of land devoted exclusively to agricultural use. If there has been a conversion, the statute requires the auditor to determine the amount of recoupment fees to be levied on such land. Ohio Rev. Code Ann. §§ 5713.34(A)(1), 5713.35. A conversion occurs by operation of law when a taxpayer fails to file the renewal application required under § 5713.31. Thus, when a conversion occurs, the taxpayer is no longer entitled to a CAUV valuation, which in turn triggers the auditor's duty to levy charges for recoupment fees.

The basis for Debtor's argument regarding the illegality of the CAUV Recoupment Fees is that he had good cause for not filing the required renewal application due to the Sandusky County Auditor's failure to notify him under § 5713.31 that renewal applications for four of his properties had to be filed by April 6, 2015, or those properties would be valued at their true value and recoupment fees would be placed on the 2015 tax bill for collection. While Debtor's argument is an equitable argument, the recoupment fees are

7

illegally charged only if it was inequitable to remove his properties from the CAUV program and value Debtor's properties at their true value rather than at a current agricultural use valuation. The essence of Debtor's argument is that the Sandusky County Auditor was not authorized to remove the properties from the CAUV program, [*see* Doc. # 155, p. 2], which ultimately presents a valuation issue: agricultural use versus fair market value. The cases cited by Debtor do not persuade the court to conclude otherwise. *See State ex rel. Corron v. Wisner*, 25 Ohio St. 2d 160 (1971) (dismissing petition in mandamus since § 5715.19 provided adequate remedy to address allegedly illegal valuation of property where auditor failed to publish a notice required under § 5715.17 that tax returns have been revised and valuations completed and complaints would be heard at a stated time and place); *State ex rel. Lorain v. Stewart*, 119 Ohio St. 3d 222 (2008) (finding that auditor's decision that properties were not exempt from taxation was not a determination of their valuation or assessment for tax purposes such that § 5715.19 would bar a mandamus action).

Furthermore, as set forth above, Ohio Revised Code § 5713.351 establishes a specific procedure to be employed where an owner believes he had good cause for failing to file a timely renewal application that resulted in the auditor's determination under § 5713.35 that a conversion of land had occurred, which, of course, would result in recoupment fee charges. The procedure first requires the owner to file an application with and pay a $25.00 fee to the auditor for a determination that the land at issue is devoted exclusively to an agricultural use for the current year. If the auditor so finds, § 5713.351 then requires the owner to file a complaint with the board of revision against the determination of conversion on the grounds that there was good cause for the failure to file an initial or renewal application. The complaint must be filed with the board of revision as provided in Ohio Revised Code § 5715.19. Ohio Rev. Code Ann. § 5715.19. Section 5715.19 in turn not only permits an owner to file a complaint against a determination made under §§ 5713.32 or 5713.35 of the Ohio Revised Code, but also specifically permits a complaint to be filed against a determination regarding "[a]ny recoupment charge levied under section 5713.35. . . ." Ohio Rev. Code Ann. § 5715.19(A)(1)(b) and (c). Debtor filed no such application and complaint. Under § 5715.19(A)(1), March 31, 2016, was the last date that he could have filed the complaint.

For all of the foregoing reasons, the court concludes that, pursuant to 11 U.S.C. § 505(a)(2)(C), the court may not determine the legality of the CAUV Recoupment Fees included in the Sandusky County Treasurer's proof of claim because the applicable period under Ohio law for contesting those fees expired before commencement of this case.

## CONCLUSION

Debtor's Objection will be sustained to the extent that he objects to inclusion of post-petition tax payments that he has made in the total amount of $13,328.34 and overruled to the extent he objects to inclusion of $26,489.90 in CAUV Recoupment Fees. The Sandusky County Treasurer's Claim No. 10-1 will be allowed in the reduced amount of $81,947.63.

###