**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 30 2018

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 17-30029 |
| | ) | |
| Kenneth Meggitt, | ) | Chapter 12 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING OBJECTION TO PROOF OF CLAIM NO. 6

This case is before the court on Debtor's objection ("Objection") [Doc. # 99] to Proof of Claim No. 6-1 filed by creditor Steyer Seeds, LLC ("Claimant") and Claimant's response [Doc. # 116].

The district court has jurisdiction over this Chapter 12 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings involving allowance or disallowance of claims are core proceedings that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(B). For the reasons that follow, Debtor's Objection will be overruled.

### PROCEDURAL BACKGROUND

The court held an evidentiary hearing on December 20, 2017, at which Debtor, Debtor's attorney and Claimant's attorney attended in person. Claimant's attorney informed the court that he had one witness that was scheduled to attend the hearing but who, at the last minute, was unable to do so. He identified that

witness as "Ms. Wiser." Debtor was prepared to proceed and preferred to, and did, present his testimony and evidence on that date. The court then continued the matter until February 1, 2018, for further evidentiary hearing in order that Claimant could present Wiser's testimony. However, at the February 1 hearing, Claimant brought two witnesses, Christy Wiser and Joe Steyer, both of whom testified at the hearing.

Debtor asserted a continuing objection to Steyer's testimony and exhibit 4, a wheat production contract about which he testified. Debtor also objected to Wiser's testimony, except as to her testimony regarding the authentication of the statement attached to Claimant's proof of claim. He specifically objected to testimony regarding Debtor's exhibit B, which is an alleged contract that forms the primary basis for Debtor's Objection, and Claimant's exhibits 1 and 2. The court stated that it would rule on Debtor's objection after reviewing the entire procedural posture of these proceedings. The court conditionally admitted exhibits 1, 2 and 4 subject to its determination regarding the admissibility of Wiser and Steyer's testimony.

Having reviewed both the December 20 and February 1 proceedings, the court will overrule Debtor's objection to admission of Wiser's testimony. Although Debtor argued that it would be unfair to allow Wiser's testimony to the extent it addresses Debtor's testimony in his case in chief on December 20 since Claimant was not prepared to present a witness at that time, Wiser was the witness that was to be called to testify at the December 20 hearing. Debtor's exhibit B had been provided to Claimant before that hearing, and Wiser, whose signature appears on that exhibit, could have testified regarding the exhibit on December 20, just as she did at the February 1 hearing. The court will also unconditionally admit exhibits 1 and 2, testimony about which was only offered on redirect in response to questions asked by Debtor during Wiser's cross examination.

As to Steyer's testimony and exhibit 4 about which he testified, the court will sustain Debtor's objection and will disallow his testimony. Although he was Claimant's representative at the February 1 hearing, Steyer was not present at the December 20 hearing and testified that he had not planned on attending that hearing. Rather than concluding the hearing on December 20 when Claimant was unprepared to present any witness, the court granted Claimant's request for a continuance to allow it to present the one witness, Christy Wiser, that was scheduled to, but could not, appear on that date. Therefore, neither Steyer's testimony nor exhibit 4 will be admitted.

## FACTUAL BACKGROUND

Debtor filed his Chapter 12 bankruptcy petition on January 6, 2017. Claimant filed a timely proof of claim in the amount of $7,669.01 for farm product sold to Debtor. [Proof of Claim # 6].

Debtor has been doing business with Claimant for approximately ten years. He buys corn, soybean and wheat seed from Claimant. He then raises the crops and sells soybean and wheat seed to Claimant. Debtor has two accounts with Claimant. When Debtor sells seed to Claimant, Debtor can choose payment to be in cash or in the form of a credit on his accounts. The statement of account that is attached to Claimant's proof of claim thus shows Debtor's purchases as well as credits for seed purchased from Debtor by Claimant. [Debtor's Ex. A].

When questioned as to what particular entry in the statement of account he believes is incorrect, Debtor directed the court to the entries on December 11, 2015, showing credits for wheat and soybeans purchased by Claimant. While entries showing Debtor's purchases show the price per bushel that is charged to the account, Debtor noted the fact that there is no price per bushel stated regarding the wheat and soybeans purchased. With the exception of two entries in 2013, the entries showing credits for Claimant's purchases from Debtor simply show the total cost and not the per bushel cost. [*Id.*]. However, Claimant provides its growers with a Scale Ticket Shrink Summary when seed is delivered and a Grower Settlement Sheet Summary when it purchases seed that both include the number of bushels and the price per bushel that it is paying. [*See* Claimant's Ex. 1]. For example, exhibits 1 and 2 show that Debtor delivered 5,003 bushels of soybeans to Claimant on October 13, 2014, and that the purchase price was $11.00 per bushel less $275.17 paid to "SPARC" for a total of $54,757.84. [Claimant's Exs. 1 & 2]. The court credits Wiser's testimony that $12,187.50 of that amount was credited to Debtor's account, the statement for which is attached to Claimant's proof of claim, which at the time was the amount owed on that account, and the balance was credited to Debtor's second account.

Debtor also testified that he delivered wheat to Claimant in July 2015 that Claimant wrongfully rejected. According to Debtor, he entered into a contract with Claimant in February 2015 for the sale of 1,500 bushels of wheat at $10.25 per bushel to be delivered by him at wheat harvest time. Debtor testified that wheat prices may be discounted due to seed moisture and sprouting and that when he delivered the wheat to Claimant, it was rejected for that reason. He testified, however, that he had "good quality wheat" and that his wheat should not have been rejected.

After Claimant's rejection of the wheat, Debtor delivered 5,639.33 gross bushels of that wheat to

The Andersons, Inc. [Debtor's Ex. C, pp. 1-3]. The price per bushel paid by The Andersons, Inc. was $6.17 before discounts and between $3.71 and $6.06 per bushel after discounts, which included, among other things, discounts for sprouting. [*Id.* pp. 1-6]. Debtor testified that he also sold some of the wheat to "other places" and kept some of it himself.

Debtor points to a Steyer Seeds Price Confirmation dated February 11, 2015, that is signed by Debtor and by Wiser in support of his claim that the wheat was wrongfully rejected by Claimant. [Debtor's Ex. B]. Wiser's duties at Claimant include, among other things, preparing grower contracts and sending out price confirmations. She testified that she filled out and signed the Price Confirmation form. In Wiser's handwriting, "Quantity Sold" is identified as " 2015-2016 Beans" and the "Price" is identified as "$10.25 per Majors." [*Id.*]. According to Debtor, Majors is Claimant's salesman with whom he usually dealt. The court credits Wiser's testimony that the line identifying the "Commodity" to be sold originally indicated "Beans" in her handwriting and nothing else. However, "Wheat" is written over "Beans" and "15000 bu." is added on that line. The court credits Wiser's testimony that the change on the Commodity line is not her handwriting. The Price Confirmation also states:

> Grade premiums and discounts at time of delivery.
>
> Buyer's weights and grades apply.
> . . . .
> Every effort will be made to accept the grain covered by the contract as it is delivered. However, if this is impossible due to conditions beyond buyer's control it does not cancel seller's obligation.

[*Id.*]. According to Wiser, Claimant's Price Confirmations are triplicate forms, with one copy to be retained by Claimant, one copy to be retained by the Seller, and one copy to be signed by the Seller and returned to Claimant. The Price Confirmation was signed by Wiser and sent to Debtor. Although the Price Confirmation prominently states "Please sign and return the pink copy to Steyer Seeds," according to Wiser, a copy signed by Debtor was never returned to Claimant.

## LAW AND ANALYSIS

A proof of claim timely filed is deemed allowed unless a party in interest objects to it. *See* 11 U.S.C. § 502(a) and (b)(9). If an objection is made, "the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount," except as provided under § 502(b). 11 U.S.C. § 502(b).

A properly executed and filed proof of claim constitutes "*prima facie* evidence of the validity and

4

amount of the claim." Bankruptcy Rule 3001(f). When an objection is filed, the objecting party bears the initial burden of producing sufficient evidence, which, if believed, rebuts the presumption of validity given to the claim. *In re Leatherland*, 302 B.R. 250, 258-59 (Bankr. N.D. Ohio 2003). The burden then shifts to the claimant to prove the validity and amount of the claim by a preponderance of the evidence. *Id.* While the burden of going forward shifts during the claims objection process, the ultimate burden of persuasion is always on the claimant to prove the claimed entitlement. *Id.* (citing *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991)).

In his objection to Claimant's proof of claim, Debtor argues that Claimant has not properly credited Debtor for certain purchases made by it and does not properly account for the price the parties agreed to with respect to product provided to Claimant by Debtor. With respect to any particular entry on the statement of account that is attached to Claimant's proof of claim, Debtor directs the court only to several entries showing no price per bushel stated for wheat and soybeans purchased by Claimant. Rather, those entries show only the product purchased and the total purchase price that was credited to Debtor's account. However, when seed is delivered to Claimant, the seller is provided a Scale Ticket Shrink Summary and when the seed is purchased, a Grower Settlement Sheet Summary, both of which set forth both the number of bushels purchased and the price per bushel that it is paying. Debtor offered no testimony or other evidence demonstrating that the total purchase prices for those products that were purchased by Claimant and credited to his account were incorrect. The mere fact that Debtor's statement of his account did not also include the price per bushel is insufficient to rebut the prima facie validity of the claim.

Debtor also asserts what is, in essence, a breach of contract counterclaim and request for setoff against Claimant's proof of claim.[1] He contends that, pursuant to the Price Confirmation, Claimant wrongfully rejected 15,000 bushels of wheat that Debtor delivered in July 2015 and that his account should be credited for damages resulting from such rejection.

A "'basic requirement for the formation of a contract is a meeting of the minds, which requires that both parties ... have a clear understanding of the terms of the agreement and the intention to be bound thereby before an enforceable contract is created.'" *Doucet v. Drydock Coal Co. (In re Oakley)*, 397 B.R.

---

[1] Courts disagree on whether a counterclaim can serve as an objection to a proof of claim. *Compare Union Carbide Corp. v. Viskase Corp. (In re Envirodyne Indus.)*, 183 B.R. 812, 819-20 (Bankr. N.D. Ill. 1995) ("Set-off can also serve as a proper basis for an objection and a proper ground for disallowance of a claim."); *In re Meyer*, 563 B.R. 708, 716 (Bankr. N.D. Iowa 2017) (same), *with In re UTEX Commc'ns Corp.*, 457 B.R. 549, 567 (Bankr. W.D. Tex. 2011) ("An objection to claim is the improper outlet for raising a claim of set off."); *see also* Fed. R. Bankr. P. 7001(1); Fed. R. Bankr. P. 3007(b). However, because Claimant has not raised this procedural issue, the court addresses only the arguments presented by the parties.

36, 46 (Bankr. S.D. Ohio 2008), aff'd 431 B.R. 307 (Table) (B.A.P. 6th Cir. 2009) (quoting *Kohler v. Taco Eds, Inc. (In re Taco Eds, Inc.)*, 41 B.R. 693, 695 (Bankr. N.D. Ohio 1984)). In this case, the court credits Wiser's unrebutted testimony that the Price Confirmation sent to Debtor was completed by her for the purchase of "Beans," not wheat. The modification thereafter providing for the sale of 15,000 bushels of wheat instead of beans is not initialed, indicating that it was not agreed to by the parties. Moreover, Debtor never returned a signed copy of the Price Confirmation as modified to Claimant. The court finds as to the modified Price Confirmation for the sale to Claimant of 15,000 bushels of wheat, there was no meeting of the minds. There is, therefore, no contract and no damages for breach of contract that can be offset against Claimant's valid proof of claim.

Finally, Debtor also objected to Claimant's proof of claim based on the fact that it used a proof of claim form other than the official proof of claim form, Official Form 410. The court does not find that to be a basis for disallowing the claim, particularly in light of the fact that its proof of claim was filed before the stricter amended version of Bankruptcy Rule 9009 became effective on December 1, 2017.

## **CONCLUSION**

For all of the foregoing reasons, Debtor's objection to Claimant's Proof of Claim No. 6-1 will be denied. The court will enter a separate order in accordance with this Memorandum of Decision.

###